UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODNEY KRUGER,

                          Plaintiff,                              Case No. 13-cv-11002

v                                            Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

                          Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT AND CANCELING HEARING**

On March 5, 2013, Plaintiff Rodney Kruger filed suit against Defendant United States, seeking to recover money damages pursuant to the Federal Tort Claims Act. Kruger claims that he was paralyzed after he was struck by a United States Postal Service vehicle.

On March 3, 2014, the Government filed a motion for partial summary judgment, asserting that it was not liable for certain economic damages. The Government correctly contends that Kruger may not recover damages associated with replacement services, and therefore its motion will be granted in part. However, because the Court cannot yet conclusively determine that Kruger is not entitled to damages associated with his custom van and home modifications, the Government's motion will be denied in part.

**I**

On August 4, 2010, United States Postal Service Carrier Krystn Gorte was driving her own vehicle while delivering mail. Compl. ¶ 6; Mot. Partial Summ. J. 7. Ms. Gorte had affixed a strobe light to her vehicle to indicate that she was a mail carrier. Mot. Partial Summ. J. 7. Around noon, Ms. Gorte was driving east on West Chippewa River Road toward the intersection with

South 9 Mile Road. Ms. Gorte delivered mail to Kruger's home, and the Government claims that at that time Kruger "was on his motorcycle at the end of his driveway waiting for his son to join him for a joint ride." *Id*.

After delivering Kruger's mail, Ms. Gorte continued driving on West Chippewa River Road towards South 9 Mile Road. As she approached the intersection, she drove in the center of the eastbound lane to prepare for a left turn onto 9 Mile Road. Kruger and his son were riding motorcycles towards the same intersection, "some distance" behind Ms. Gorte. *Id*. at 7-8.

The parties dispute exactly what happened next. The Government claims that, as Ms. Gorte prepared to make the left hand turn, she slowed down "checked her rearview mirrors, noticed one motorcyclist some distance behind her, turned her left turn signal on, and initiated her turn." *Id*. at 8.

In contrast, Kruger claims that Ms. Gorte had stopped to deliver mail at a mailbox near the intersection. *Id*. As he approached the intersection, he looked north to check for traffic on 9 Mile Road. *Id*. Kruger claims that Ms. Gorte failed to yield the right-of-way.

Kruger's motorcycle and Ms. Gorte's vehicle collided, and Kruger was flung from his motorcycle. *Id*. As a result of the accident, Kruger claims to have suffered severe injury, including "paraplegia, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, and aggravation of a pre-existing condition." Compl. ¶ 8.

## II

As with a motion for summary judgment, a motion for partial summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

Here, the Government filed its motion for partial summary judgment on March 3, 2014. As of this writing, Kruger has not yet filed a response to the motion. Notwithstanding Kruger's lack of response, the Court can evaluate the Government's motion. *See Financial Federal Credit Inc. v. Boss Trasnp., Inc.*, 456 F. Supp. 2d 1367, 1371-72 (M.D. Ga 2006) ("[E]ven in the absence of a response . . . this Court must determine if [the movant] satisfied its initial responsibility of demonstrating that no genuine issue of material fact existed as to each count of the complaint, and, further, whether [the movant is] entitled to summary judgment as a matter of law.").

### III

In its motion, the Government contends that Kruger is not entitled to the economic damages he seeks. Specifically, Kruger seeks to recover $365,447.00 in replacement services; $64,859.00 for a custom van; and $468,084 for home modifications. Mot. Partial Summ. J. Ex. 1 at 1-2. The Government contends that recovery is barred because Kruger must first seek recovery from his own insurer under Michigan's No-Fault Insurance Act.

**A**

Sovereign immunity prevents suit against the United States without its consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Federal Tort Claims Act ("FTCA") waives sovereign immunity for some actions in tort by giving district courts exclusive jurisdiction over those types of civil actions. Under the FTCA, the government may be liable

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Claims under the FTCA involve a two-step analysis. "First the district court applies local law to determine liability and to assess damages. Second, federal law is invoked to bar proscribed recoveries, such as punitive damages." *Palmer v. United States*, 146 F.3d 361, 366 (6th Cir. 1998) (quoting *Kirchgessner v. United States*, 958 F.2d 158, 159 (6th Cir. 1992)). Thus, liability under the FTCA is usually determined by referencing state law. *Molzof v. United States*, 502 U.S. 301, 305 (1992). Because the allegedly negligent act occurred in Michigan, the Court must look to Michigan law.

**B**

In Michigan, the No-Fault Automobile Act "created a compulsory motor vehicle insurance program under which insureds may recover directly from their insurers, without regard to fault, for qualifying economic losses arising from motor vehicle incidents." *McCormick v. Carrier*, 795 N.W.2d 517, 523 (Mich. 2010) (citing Mich. Comp. Laws §§ 500.3101, 3105). The No-Fault Act was offered as a social and legal response to the long payment delays, inequitable payment structure, and high legal costs inherent in the tort liability system. *Jackson v. Secretary*

*of State*, 306 N.W.2d 422, 425 (Mich. Ct. App. 1981). "In exchange for ensuring certain and prompt recovery for economic loss," the No-Fault Act limits tort liability. *McCormick*, 795 N.W.2d at 523. "Under Michigan's No-Fault Act, 'victims of motor vehicle accidents . . . receive insurance benefits from their insurers as a substitute for their common-law remedy in tort." *Premo v. United States*, 599 F.3d 540, 545 (6th Cir. 2010) (quoting *Kreiner v. Fischer*, 683 N.W.2d 611, 617 (Mich. 2004)).

Under the No-Fault Act, all owners of motor vehicles must self-insure or obtain a no-fault insurance policy to ensure a source of recovery for PIP benefits. Mich. Comp. Laws § 500.3101(1), (3)-(4). When a motorcycle owner is injured in a motor vehicle accident, the No-Fault Act directs the injured party to seek recovery from the following insurers, in order of priority:

> A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a)   The insurer of the owner or registrant of the motor vehicle involved in the accident.
>
> (b)   The insurer of the operator of the motor vehicle involved in the accident.
>
> (c)   The motor vehicle insurer of the operator of the motorcycle involved in the accident.
>
> (d)   The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident.

Mich. Comp. Laws 500.3114(5). For purposes of the No-Fault Act, the federal government is considered to be self-insured. *Premo*, 599 F.3d at 545 n. 3 (citing *Westfield Cos. v. United States*, 858 F. Supp. 658, 661 (E.D. Mich. 1993)).

- 5 -

Although the Michigan No-Fault Act abolished tort liability in most circumstances, tortfeasors are still liable for economic damages in certain cases. These motor vehicle negligence lawsuits are called third-party suits because the parties' respective duties arise not from any contractual obligations, but rather from common-law tort principles. It is the defendant's breach of common-law duties that causes the plaintiff's injuries and permits recovery of certain types of economic damages.

Although a third-party suit is premised on common-law tort principles, the economic damages available are circumscribed by the Michigan No-Fault Act:

> Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle . . . is abolished except as to . . . Damages for allowable expenses, work loss, and survivor's loss as defined in sections 3107 to 3110 in excess of the daily, monthly, and 3-year limitations contained in those sections.

Mich. Comp. Laws § 500.3135(3). Thus, a third-party claim compensates the injured person for (1) allowable expenses, (2) work loss, and (3) survivor's loss in excess of the statutory first-party maximums only.

Here, Kruger is seeking three types of economic damages in this third-party action: damages for a custom van, home modifications, and replacement services.[1] Kruger may only recover these damages under § 500.3135(3) if they qualify as allowable expenses.

Michigan courts have permitted recovery of economic damages for custom vans and home modifications as allowable expenses. *See Admire v. Auto Owners Ins. Co.*, 831 N.W.2d 849, 859 (Mich. 2013) (custom modifications for van allowable); *Proudfoot v. State Farm Mut. Ins. Co.*, 673 N.W.2d 739, 743 (Mich. 2003) (home modifications). But although these types of expenses are recoverable, they are recoverable only to the extent that the expenses exceed the

---

[1] Kruger concedes that he is not entitled to work loss damages because he was unemployed at the time of the collision. Def.'s Mot. Summ. J., Ex. 1 at 1-2.

first-party coverage. Kruger is currently litigating the first-party coverage in state court, and therefore the Court cannot determine if the economic damages related to the custom van and the home modifications exceed the first-party coverage.[2] Because it is possible that the damages associated with the custom van and home modifications exceed Kruger's recovery in his first-party suit, it is possible that Kruger may be entitled to recovery of those excess damages in this lawsuit. Accordingly, the Government's motion for partial summary judgment with respect to Kruger's request for economic damages related to the custom van and the home modifications will be denied.

In contrast to damages for custom vans and home modifications, Michigan courts have prohibited recovery of economic damages for replacement services in third-party suit: "in a third-party tort action, damages for replacement services are not recoverable . . . ." *Johnson v. Recca*, 821 N.W.2d 520, 524 (Mich. 2012). The No-Fault Act defines replacement services as those

> [e]xpenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he or she had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or herself or of his or dependent.

Mich. Comp. Laws § 500.3107. The Michigan Supreme Court clarified that "replacement services" are distinct from "allowable expenses" and therefore not recoverable in a third-party suit: "The organization of MCL 500.3107 clearly indicates that 'replacement services' constitutes a category of PIP benefits that is separate and distinct from 'allowable expenses.'" *Johnson*, 821 N.W.2d at 525. Accordingly, the Government's motion for partial summary

---

[2] Although "allowable expenses" are generally not capped in most first-party suits, there are specific situations when the No-Fault Act caps the recovery available for allowable expenses. Whether the No-Fault Act caps recovery in the first-party suit is an issue for the state court, and therefore this Court declines to decide the issue.

judgment with respect to Kruger's request for economic damages related to replacement services will be denied.

## IV

Accordingly, it is **ORDERED** that Defendant's Motion for Partial Summary Judgment (ECF No. 16) is **GRANTED IN PART AND DENIED IN PART**. Kruger cannot recover economic damages for replacement services in a third-party suit, and the Defendant's Motion will be granted to this extent. However, Defendant's motion will be denied to the extent it seeks to prohibit Kruger's recovery for a custom van and home modifications.

It is further **ORDERED** that the hearing scheduled for May 7, 2014 is **CANCELED**. *See* E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 14, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 14, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS